DENNIS K. JOHNSON, Plaintiff-Appellee, v. STATE FARM FIRE AND CASUALTY COMPANY, Defendant-Appellant.

Fourth District   No. 4—03—0539

Argued November 12, 2003.—Opinion filed February 18, 2004.

MYERSCOUGH, J., dissenting.

Stephen W. Thomson (argued), of Thomson Law Offices, P.C., of Edwardsville, for appellant.

Stephen O. Willoughby (argued), of Willoughby & Associates, P.C., of Decatur, for appellee.

JUSTICE STEIGMANN delivered the opinion of the court:

In March 2000, plaintiff, Dennis K. Johnson, filed a complaint for declaratory judgement and breach of contract against defendant, State Farm Fire and Casualty Company. Johnson alleged that State Farm breached its contract to provide him coverage under a personal liability umbrella policy for a prior judgment against him in favor of a third party, Safeco Insurance Company of America, which arose out of an indemnity contract between Johnson and Safeco. In October 2000, State Farm filed a motion for summary judgment, asserting that the umbrella policy did not cover Johnson's contractual liability to Safeco. In October 2001, Johnson filed a motion for summary judgment, asserting that (1) facts alleged in an underlying complaint and counterclaim from which his liability to Safeco arose triggered his right to coverage under the umbrella policy, and (2) State Farm was estopped from asserting noncoverage.

Following a November 2001 hearing, the trial court granted

Johnson's summary judgment motion and denied State Farm's motion for summary judgment. The court later awarded Johnson $43,975.92 in damages, plus costs.

State Farm appeals, arguing that (1) it was not estopped from asserting its claim that no duty to indemnify existed under the umbrella policy when it provided Johnson's defense in the underlying lawsuit; (2) it had no duty to indemnify Johnson for the prior judgment in Safeco's favor, where that judgment arose out of Johnson's breach of his contractual indemnity agreement with Safeco; and (3) because the underlying complaint and counterclaim did not allege any event that would qualify as an "accident," they failed to trigger the umbrella policy and State Farm's duty to defend Johnson. Because we agree with State Farm's first and second arguments, we reverse the grant of summary judgment to Johnson.

## I. BACKGROUND

In January 1988, the trial court appointed Johnson and Douglas White as coexecutors of the estate of Adella Vallerius. White was Vallerius's grandson. In June 1988, Johnson and White filed a bond with the court that jointly and severally bonded them as principals to faithfully discharge their duties. Safeco was the corporate surety on the bond. In consideration of Safeco's suretyship, Johnson agreed to indemnify Safeco (hereinafter the indemnity agreement). In September 1988, White was arrested for murdering Vallerius. In January 1989, the court removed Johnson and White as coexecutors and appointed the Alton Bank and Trust Company as successor administrator of Vallerius's estate.

During his term as a coexecutor, White misappropriated funds from the estate and damaged Vallerius's residence and vehicle. In January 1990, Alton Bank filed a complaint against Johnson, White, and Safeco (as surety), alleging that Johnson and White breached their fiduciary duty to Vallerius's estate. In March 1990, Safeco filed a counterclaim against Johnson, seeking recovery under the indemnity agreement. Johnson had both a homeowner's policy and an umbrella policy issued by State Farm. In August 1990, Johnson filed a claim under his homeowner's policy regarding the then-pending lawsuit. State Farm provided Johnson's defense under a reservation of rights, allowed Johnson to select his own attorney, and paid the attorney fees. In October 1994, the trial court approved a settlement agreement between Alton Bank and Safeco, in which Alton Bank assigned Safeco its claims against Johnson and White.

In January 1997, the trial court found in Safeco's favor on its counterclaim against Johnson and awarded Safeco $43,975.92, plus

costs. The court's judgment was based, in pertinent part, on Johnson and Safeco's indemnity agreement. Johnson appealed that judgment, and in April 1998, the Fifth District affirmed. *Alton Banking & Trust Co. v. White*, No. 5—97—0235 (April 17, 1998) (unpublished order under Supreme Court Rule 23).

In September 1999, State Farm informed Johnson that he had no right to indemnification of the January 1997 judgment against him and denied coverage under both the homeowner's policy and the umbrella policy. In March 2000, Johnson filed a complaint for declaratory judgment and breach of contract against State Farm. Johnson sought a declaration that State Farm had a duty to indemnify him under his umbrella policy and alleged that by denying him such coverage, State Farm breached its contract with him. (Johnson does not dispute State Farm's denial of coverage under his underlying homeowner's policy.)

In October 2000, State Farm filed a motion for summary judgment, asserting, in pertinent part, that (1) it did not have a duty to defend Johnson in the underlying lawsuit; and (2) it did not have a duty to indemnify Johnson for the January 1997 judgment. In October 2001, Johnson filed a motion for summary judgment, asserting that (1) the facts alleged in the underlying complaint and counterclaim showed that the umbrella policy provided coverage for his liability; and (2) State Farm was estopped from asserting noncoverage.

In January 2001, following a hearing, the trial court granted Johnson's summary judgment motion and denied State Farm's summary judgment motion. This appeal followed.

## II. ANALYSIS

State Farm argues that the trial court erred by granting summary judgment in Johnson's favor. Specifically, it contends that (1) State Farm was not estopped from asserting its claim that no duty to indemnify existed under the umbrella policy when it provided Johnson's defense in the underlying lawsuit; (2) it had no duty to indemnify Johnson for the prior judgment in Safeco's favor, where that judgment arose out of Johnson's breach of his contractual indemnity agreement with Safeco; and (3) because the underlying complaint and counterclaim did not allege any event that would qualify as an "accident," they failed to trigger the umbrella policy and State Farm's duty to defend Johnson. Because we agree with State Farm's first and second contentions, we reverse the grant of summary judgment to Johnson.

### A. Standard of Review

■ In appeals from summary judgment rulings, we conduct *de*

*novo* review. The reviewing court must construe all evidence strictly against the movant and liberally in favor of the nonmoving party. Where the pleadings, depositions, and affidavits show no genuine issue of material fact, the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 2000). If reasonable persons could draw different inferences from undisputed facts, summary judgment should be denied. *Atlantic Mutual Insurance Co. v. American Academy of Orthopaedic Surgeons*, 315 Ill. App. 3d 552, 559, 734 N.E.2d 50, 56 (2000).

## B. Estoppel

State Farm first contends that it was not estopped from asserting its claim that it had no duty to indemnify Johnson under the umbrella policy. We agree.

■ When an insurer's position is that a complaint potentially alleging coverage is not covered under a policy that includes a duty to defend, the insurer may not simply refuse to defend the insured. Instead, the insurer must either (1) defend the lawsuit under a reservation of rights or (2) seek a declaratory judgment that no coverage exists. An insurer is estopped from raising a policy defense to coverage only if it fails to take either of these two actions. *Employers Insurance of Wausau v. Ehlco Liquidating Trust*, 186 Ill. 2d 127, 150-51, 708 N.E.2d 1122, 1134-35 (1999).

■ In this case, after receiving notice of Johnson's claim under his homeowner's policy, State Farm provided a defense in the underlying lawsuit under a reservation of rights. Further, a separate duty to defend does not arise under the umbrella policy if State Farm provided a defense to the insured under a separate State Farm policy, such as Johnson's homeowner's policy. Under these circumstances, we conclude that State Farm was not estopped from asserting that it had no duty to indemnify Johnson under the umbrella policy.

## C. Duty To Indemnify

State Farm next contends that it had no duty to indemnify Johnson for the prior judgment in Safeco's favor. We agree.

The umbrella policy provided in pertinent part, as follows:

"**COVERAGES**

1. **Coverage L:—Personal Liability.** If you are legally obligated to pay damages for a **loss**, we will pay your **net loss** minus the **retained limit** ***.

2. **Defense and Settlement**

* * *

c. When the claim or suit is covered by this policy, but not covered by another policy available to you:

a. we will defend that suit against you[.]

\* \* \*

## DEFINITIONS

6. '[L]oss' means an accident that results in **personal injury** or **property damage** during the policy period. This includes injurious exposure to conditions."

■ A duty to indemnify is not as broad as a duty to defend. The duty to indemnify arises only when the insured becomes legally obligated to pay damages in the underlying action that gives rise to a claim under the policy. *Travelers Insurance Co. v. Eljer Manufacturing, Inc.*, 197 Ill. 2d 278, 293, 757 N.E.2d 481, 491 (2001). Once an insured has incurred liability as a result of the underlying claim, an insurer's duty to indemnify arises only if "the insured's activity and the resulting loss or damage *actually* fall within the \*\*\* policy's coverage." (Emphasis in original.) *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 128, 607 N.E.2d 1204, 1221 (1992).

■ The supreme court has provided guidance on how to construe an insurance policy:

"In construing an insurance policy, the primary function of the court is to ascertain and enforce the intentions of the parties as expressed in the agreement. [Citation.] To ascertain the intent of the parties and the meaning of the words used in the insurance policy, the court must construe the policy as a whole, taking into account the type of insurance for which the parties have contracted, the risks undertaken and purchased, the subject matter that is insured and the purposes of the entire contract. [Citation.] If the words in the policy are plain and unambiguous, the court will afford them their plain, ordinary meaning and will apply them as written." *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill. 2d 384, 391, 620 N.E.2d 1073, 1078 (1993).

The umbrella policy defines the term "loss" as *"an accident* that results in personal injury or property damage during the policy period" (emphasis added). Because the policy does not expressly define the term "accident," "we must interpret this term by affording it its *plain, ordinary, and popular* meaning." (Emphasis in original.) *Outboard Marine Corp.*, 154 Ill. 2d at 115, 607 N.E.2d at 1215. "Accident" is defined as "an unforseen and unplanned event or circumstance" or "an unfortunate event resulting esp. from carelessness or ignorance." Merriam-Webster's Collegiate Dictionary 7 (10th ed. 2000).

■ In this case, the underlying allegation was that Johnson is liable to Vallerius's estate because he and White breached their fiduciary duties as coexecutors when White misappropriated estate funds and damaged Vallerius's residence and vehicle. Affording the word "ac-

cident" its plain, ordinary, and popular meaning, we conclude that it does not encompass the events described above. Although an accident is an "unfortunate event," not all unfortunate events are "accidents." Johnson may have been a victim of White's misdeeds; however, that does not render the character of those misdeeds "accidental."

Moreover, if we view the underlying judgment as arising out of Johnson's contractual indemnity agreement with Safeco, we reach the same result. Johnson signed an agreement indemnifying Safeco for "any loss and expense" for which Safeco "shall become liable by reason of such suretyship." Johnson's complaint alleges that his liability rose out of this contractual obligation. Such liability, by its very nature, is not an "accident." We thus conclude that State Farm had no duty to indemnify Johnson for his liability to Safeco. Accordingly, we reverse the trial court's granting of Johnson's summary judgment motion and remand for further proceedings.

## III. CONCLUSION

For the reasons stated, we reverse the trial court's judgment and remand for further proceedings.

Reversed and remanded.

APPLETON, J., concurs.

JUSTICE MYERSCOUGH, dissenting:

I respectfully dissent. I disagree that defendant State Farm owed no duty of indemnification to plaintiff. The majority simply concludes that the word "accident" does not encompass the event alleged in plaintiff's complaint but provides no reasoning to support that conclusion. Plaintiff Johnson has alleged in his complaint an "accident" that falls within the relevant coverage provisions of the insurance policy in question and triggers defendant's duty to indemnify.

As the majority observed, the insurance contract itself does not define the term "accident" and to determine whether the event alleged by defendant is an "accident," we need to give the term "accident" its *plain, ordinary,* and *popular* meaning. *Outboard Marine Corp.*, 154 Ill. 2d at 108, 607 N.E.2d at 1212. According to its dictionary definition, "accident" means "an unforseen and unplanned event or circumstance" or "an unfortunate event resulting esp. from carelessness or ignorance." Merriam-Webster's Collegiate Dictionary 7 (10th ed. 2000). Such a definition is consistent with the policy's exclusionary provision, which states: "we will not provide insurance for personal injury or property damage which is either expected or intended by

you." The parties have agreed in their briefs that an "accident" occurs when something "unexpected, unintended, and unusual happens."

Plaintiff clearly alleged an event that was both unexpected and unintended. Such an event qualifies as an "accident." As plaintiff alleged in his complaint, his coexecutor, White, caused property damage to the estate; the estate's successor administrator, Alton Bank, settled and assigned its claim for the damages to Safeco; and plaintiff is required to indemnify Safeco for these losses. Defendant State Farm admitted that it did not investigate the loss, and it did not allege in its motion for summary judgment that plaintiff expected, planned, or intended for his coexecutor to cause such a loss. Therefore, the trial court correctly concluded that, based on the above allegation, plaintiff only became liable under a theory of vicarious liability and his action was "clearly not intended or willful." Accordingly, plaintiff's complaint alleged facts that constitute an "accident," and these facts fall within the coverage of the policy and trigger defendant's duty to indemnify.

Moreover, as the Supreme Court of Illinois pointed out, in construing an insurance policy, any ambiguity should be resolved against the insurer. *Outboard Marine Corp.*, 154 Ill. 2d at 108-09, 607 N.E.2d at 1212. Therefore, even if we find that the term "accident" in the umbrella policy is susceptible to more than one reasonable interpretation and one such interpretation would exclude the facts alleged by plaintiff from coverage under the policy in question, we are still required to construe the term "accident" in plaintiff's favor and consider only the interpretations providing coverage. Accordingly, I would find that plaintiff alleged facts that fall within the coverage of the umbrella policy and affirm summary judgment in plaintiff's favor.

Defendant State Farm argues that it had no duty to indemnify plaintiff for the judgment in Safeco's favor because that judgment arose out of plaintiff's breach of a contractual indemnity agreement. I disagree. First I note that, even though defendant based its argument on the contractual indemnification theory, it did not supply this court with the indemnification agreement in question, nor did defendant provide a copy of the surety bond.

I further note that, contrary to defendant State Farm's assertion in its brief, Madison County circuit court, the trial court in the underlying lawsuit, did not specifically find plaintiff's liability to Safeco based solely on the contractual indemnity agreement, but the court also found liability on an implied indemnity theory. In other words, plaintiff was liable whether the indemnity agreement existed or not.

Plaintiff sufficiently so alleged in his complaint. As plaintiff alleged, he was appointed the coexecutor of the estate and was required

by law to file a surety bond (755 ILCS 5/12—2 (West 2000)). Plaintiff signed the indemnity agreement with Safeco so that Safeco would become the corporate surety on the bond (755 ILCS 5/12—3 (West 2000)). Regardless of the indemnity agreement, plaintiff was responsible for any damage that his coexecutor, White, caused to the estate because of joint and several liability. Plaintiff's responsibility to the estate led to his alleged breach of the indemnification agreement, and his liability to Safeco arose out of his liability to the estate. In other words, absent a contractual relationship between plaintiff and Safeco, plaintiff would still be liable to the estate and plaintiff would still be seeking indemnification from defendant under the umbrella policy. Therefore, the existence of the indemnification agreement does not impact defendant's duty to plaintiff as the insurer. Accordingly, as the trial court concluded, the basis of plaintiff's liability is not his contractual obligation to Safeco but his vicarious liability as a coexecutor. This is also why Alton Bank, the successor administrator, not only sued Safeco but also both plaintiff and White in its initial action. The fact that Safeco settled with Alton Bank and claimed damages against plaintiff under the indemnity agreement does not change the nature and cause of the damage. Therefore, I disagree with defendant State Farm's contention that plaintiff's liability was based on plaintiff's breach of contract with Safeco.

Defendant State Farm also asserts that plaintiff intentionally breached a contractual indemnity clause and a finding in plaintiff's favor would "transform the insurance policy into a bond that guarantees the performance of fiduciary duties and contractual obligations." This is also not accurate. As alleged in his complaint, plaintiff did not intentionally or willfully breach the indemnity agreement. Plaintiff is liable to Safeco solely because of White's action, which was neither "intended" nor "expected" by plaintiff. Further, the insurance policy in question had many exclusions, and, as listed above, two of the provisions specifically exclude any expected losses and any losses caused by the insured's intentional or willful acts. These and any other exclusion provisions operate to ensure that the policy does not become a performance-guarantee bond.

Therefore, I conclude plaintiff Johnson had sufficiently alleged an "accident" that triggers defendant State Farm's duty to defend and to indemnify. Accordingly, I would affirm the trial court.